United States District Court
Southern District of Texas
**ENTERED**
March 13, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MASUD HAMID, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-04038 |
| | § | |
| STATE OF MICHIGAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff Masud Hamid ("Hamid") has filed suit against the State of Michigan and the Michigan State Police for an alleged Fourth Amendment violation, seeking $22 billion in damages. Hamid also requests that this Court order the Defendants to provide the complete dash camera footage related to the traffic stop that allegedly resulted in the Fourth Amendment violation. Defendants have moved to dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(1), arguing that all of Hamid's claims are barred by Eleventh Amendment immunity. *See* Dkt. 21.

For over a century, the United States Supreme Court has "made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). This is because "the Eleventh Amendment bars a damages action [brought by a private citizen] against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). There are only three exceptions to the general rule that a state may not be haled into federal court under the Eleventh Amendment. First, "a state may consent to suit in federal court." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 277 (5th Cir. 2005). Second, Congress may abrogate the state's sovereign immunity. *See id.* at 276. Third, suits may be brought against state officers for prospective injunctive relief based on an ongoing constitutional violation. *See Ex Parte Young*, 209 U.S. 123, 159 (1908). None of these exceptions are applicable here. Michigan has not consented to suit; Congress has not abrogated Michigan's state sovereign immunity; and Hamid is not seeking prospective

injunctive relief. The Eleventh Amendment bars Hamid's claims for affirmative relief against the State of Michigan.

Eleventh Amendment immunity also extends to state agencies or departments that act as an arm of the state. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Because the Michigan State Police is a department of the State of Michigan created by statute, the Michigan State Police is also entitled to Eleventh Amendment immunity. *See Perez v. Mich. State Police Dep't*, No. 1:19-CV-666, 2019 WL 4184063, at *2 (W.D. Mich. Sept. 4, 2019) (finding the Michigan State Police is an arm of the State of Michigan entitled to Eleventh Amendment immunity); *Scott v. Michigan*, 173 F. Supp. 2d 708, 714 (E.D. Mich. 2001) (same).

As explained, Hamid's claims against both Defendants are unquestionably barred by the Eleventh Amendment. I thus recommend that Defendants' Motion to Dismiss (Dkt. 21) be **GRANTED**. This case should not proceed in federal court. As a side note, Plaintiff has filed a Motion for Summary Judgment against the Defendants on his claims for affirmative relief. Dkt. 18. Because I have concluded that Hamid cannot proceed against the Defendant, I recommend that Plaintiff's Motion for Summary Judgment be **DENIED AS MOOT**. Finally, the initial pretrial and scheduling conference in this matter, currently scheduled for March 22, 2023, is **CANCELLED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 13th day of March 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE