United States District Court
Southern District of Texas
**ENTERED**
June 07, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MASUD HAMID, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-04038 |
| | § | |
| STATE OF MICHIGAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Plaintiff Masud Hamid ("Hamid") sued the State of Michigan and the Michigan State Police for an alleged Fourth Amendment violation. On March 13, 2023, I recommended dismissal of those claims because they "are unquestionably barred by the Eleventh Amendment." Dkt. 30 at 2. On March 27, 2023, United States District Judge George C. Hanks, Jr. adopted my memorandum and recommendation and entered a final judgment against Hamid. *See* Dkts. 35–36. Hamid filed a notice of appeal on May 26, 2023. *See* Dkt. 42. Hamid now seeks leave to appeal in forma pauperis.[1] *See* Dkt. 44.

The Federal Rules of Appellate Procedure require that:

[A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

---

[1] A motion to proceed in forma pauperis "squarely falls within [a magistrate judge's] authority to issue orders on nondispositive pretrial matters." *Yepes v. Hininger*, No. 514-cv-085, 2015 WL 1546869, at *3 (S.D. Ga. Apr. 6, 2015).

FED. R. APP. P. 24(a)(1). Hamid has not attached the required affidavit to his motion. Failure to provide the required affidavit is an independent and sufficient reason to deny Hamid's motion to proceed in forma pauperis. *See Davis v. Henderson*, 535 F. Supp. 407, 410 (E.D. Pa. 1982) (denying without prejudice plaintiff's petition for leave to proceed in forma pauperis where the petition "contain[ed] no information about plaintiff's salary, savings, or property" and was "neither notarized nor made under penalty [of] perjury"). If Hamid's failure to provide the required affidavit were the only reason for denying his motion to appeal in forma pauperis, then the denial would be "without prejudice to renewal by a motion accompanied by a proper, sworn form." *Id*. n.4.

There is another reason to deny Hamid's motion, however: it is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *see also* FED. R. APP. P. 24(a)(4). "The 'good faith' requirement of Section 1915 'is established by the presentation of any issue that is not plainly frivolous.'" *Hayes v. United States*, 258 F.2d 400, 401–02 (5th Cir. 1958) (quoting *Ellis v. United States*, 356 U.S. 674, 674 (1958)). As explained above, Hamid has no chance of recovery against the State of Michigan or the Michigan State Police because they are immune from suit under the Eleventh Amendment. Claims "against defendants who [a]re immune from suit" are "legally frivolous." *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982) (denying leave to appeal in forma pauperis); *see also Holmes v. Wasmer*, No. 80-3216, 1989 WL 66347, at *1–2 (E.D. Pa. June 14, 1989) (certifying that plaintiff "is not entitled to proceed *in forma pauperis* on appeal" because "plaintiff's claims are without merit," including his Fourth Amendment claim against Pennsylvania's state police, which "is barred by the Eleventh Amendment").

Accordingly, Hamid's Motion to Proceed In Forma Pauperis (Dkt. 44) is **DENIED** with prejudice to refiling in this Court. I **CERTIFY**, for the reasons stated above, that Hamid's appeal is not taken in good faith and that he is not

entitled to proceed in forma pauperis on appeal. The clerk is **ORDERED** to "immediately notify the parties and the court of appeals" that I have "denie[d Hamid's] motion to proceed on appeal in forma pauperis" and certified that Hamid's "appeal is not taken in good faith." FED. R. APP. P. 24(a)(4)(A)–(B).[2]

SIGNED this 7th day of June 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] When a party is denied leave to proceed in forma pauperis by the district court, that party

> may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

FED. R. APP. P. 24(a)(5).